IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANTE PEACE,<br>　　　Petitioner,<br><br>　　　v.<br><br>MICHAEL KLOPOTOSKI, et al.,<br>　　　Respondents. | :<br>:<br>:　CIVIL ACTION<br>:<br>:　No. 08-3927<br>:<br>:<br>:<br>: |

---

### ORDER

Petitioner Dante Peace objects to the Magistrate Judge's recommendation that I dismiss his habeas corpus petition. 28 U.S.C. § 2254. I will overrule Petitioner's objections and adopt the Magistrate's Report and Recommendation.

**I.    BACKGROUND**

On April 14, 2005, a Pennsylvania state court jury convicted Petitioner of possessing an instrument of crime, carrying a firearm without a license, altering or obliterating a firearm's marks of identification, and making terroristic threats. On June 20, 2005, the court sentenced Petitioner to 93-264 months imprisonment, consisting of consecutive sentences of 21-60 months for possessing an instrument of crime, 25-60 months for carrying a firearm without a license, 35-120 months for altering or obliterating a firearm's marks of identification, and 12-24 months for making terroristic threats. (Tr. June 20, 2005 at 11-12.) On July 18, 2006, the Superior Court affirmed Petitioner's conviction and sentence. Commonwealth v. Peace, No. 2008 EDA 2005 (Pa. Super. July 18, 2006). The Pennsylvania Supreme Court denied *allocatur* on December 6, 2006. Commonwealth v. Peace, 634 MAL 2006 (Pa. Dec. 6, 2006). While his direct appeal was pending, Petitioner filed a petition under Pennsylvania's Post Conviction Relief Act, which the

trial court dismissed because of Petitioner's pending appeal.  On January 21, 2007, Peace filed another PCRA petition, in which he complained that "all [his] time is running consecutive." Commonwealth v. Peace, No. 4717-2004, PCRA Petition (Jan. 21, 2007).  On April 17, 2007, the PCRA court permitted Petitioner's appointed counsel to withdraw after counsel filed a "no merit" letter.  Id., Order Granting Counsel's Application to Withdraw and Notice of Intent to Dismiss (Apr. 17, 2007).  On May 22, 2007, the PCRA court dismissed the petition, finding that the sentence did not "exceed the lawful maximum."  Id., Order Dismissing Petition (May 22, 2007).  Petitioner did not appeal this decision.

On August 14, 2008, Peace filed the instant *pro se* petition.  (Doc. No. 1.)  On December 23, 2008, the Magistrate Judge recommended that I deny the petition because it was not timely filed and Petitioner was not entitled to equitable tolling.  (Doc. No. 10.)  Petitioner filed *pro se* objections to the Report, to which the Commonwealth responded, and Petitioner filed a reply. (Doc. Nos. 11, 13, 14.)

## II.     STANDARD OF REVIEW

The extent of my review of the Magistrate's Report is committed to my discretion.  See Thomas v. Arn, 474 U.S. 140, 154 (1985); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).  I may "accept, reject or modify, in whole or in part, the [M]agistrate's findings or recommendations." Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).  I must review *de novo*, however, those portions of the Report to which specific objection is made.  28 U.S.C. § 636(b)(1)(C); see generally Goney, 749 F.2d at 6-7.

## III.    DISCUSSION

Construing Petititoner's objections liberally, he appears to argue: (1) the Magistrate Judge

2

misstated his claim on direct appeal to the Pennsylvania Superior Court; (2) the Magistrate Judge misstated the basis for his claim of innocence; (3) his actual innocence is a reason to excuse his untimely petition; and (4) his conviction is a miscarriage of justice because there is no evidence that he obliterated the serial number on the gun at issue.

### A.  Petitioner's Claim on Appeal to the Pennsylvania Superior Court

Petitioner objects that the Magistrate Judge misstated his argument on appeal to the Pennsylvania Superior Court.  In the Report and Recommendation, the Magistrate Judge characterized Peace's claim on appeal as a violation of the discovery rules: that the Commonwealth failed to disclose to Petitioner before trial that a witness would testify that the gun at issue was registered to Petitioner's girlfriend.  Petitioner states that he argued instead that there was no record evidence to support this testimony.  Respondents agree with Petitioner's characterization of his appeal.  Accordingly, I will not adopt this statement in the Report and Recommendation.  This does not, however, affect the merits of Petitioner's habeas claims.

### B.  Timeliness and Equitable Tolling

The Magistrate Judge determined that the habeas petition was not timely filed, and Petitioner does not dispute this conclusion.  Because the time for appealing the dismissal of Petitioner's PCRA petition in the Pennsylvania Superior Court expired on June 21, 2007, Petitioner had until June 21, 2008 -- one year later -- to file his § 2254 petition.  See 28 U.S.C. § 2244(d).  Petitioner filed the instant petition on August 14, 2008 -- nearly two months late.

This statute of limitations is subject to equitable tolling, but "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Schlueter v. Varner, 384 F.3d 69, 75 (3d Cir. 2004); see also United States v. Bendolph, 409 F.3d

155, 162 (3d Cir. 2005) (en banc) (this statute of limitations is intended to promote respect for the principles of comity, federalism, and finality).  There are two general requirements for equitable tolling: (1) extraordinary circumstances must have prevented the petitioner from timely asserting his rights; and (2) the petitioner must have exercised reasonable diligence in pursuing his claims.  Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003).  The Magistrate Judge correctly determined that Petitioner has not met this burden, and Petitioner does not argue in his objections that he was somehow prevented from timely asserting his claims and that he diligently attempted to pursue them.

Rather, Petitioner argues that his late filing should be excused because he is innocent of the obliteration charge.  The Third Circuit has not yet decided whether actual innocence is a basis for tolling the statute of limitations in § 2244(d).  See McKeever v. Warden SCI-Graterford, 486 F.3d 81, 84 n.5 (3d Cir. 2007).  A panel of the Third Circuit has indicated, however, that even if a showing of actual innocence tolls the statute of limitations, the petitioner must first demonstrate reasonable diligence in pursuing his claims.  Horning v. Lavan, 197 Fed. Appx. 90, 94 (3d Cir. 2006) (non-precedential) ("[E]ven assuming that this court were to permit equitable tolling of the AEDPA statute of limitations when a viable claim of actual innocence has been presented, [the petitioner's] claim would nevertheless fail because he did not exercise reasonable diligence in pursuing his actual innocence claim.").  I agree with the Magistrate Judge's determination that Petitioner was not diligent.

In any event, even if actual innocence is a basis for equitable tolling and Petitioner had been reasonably diligent in pursuing his claims, Petitioner has failed to establish his innocence under the standard applied in the procedural default context.  See Knecht v. Shannon, 132 Fed.

Appx. 407 (3d Cir. 2005) (non-precedential) (applying this standard to a petitioner's claim that his innocence should equitably toll the statute of limitations).  To establish actual innocence, a petitioner must offer "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." House v. Bell, 547 U.S. 518, 538 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)).  The evidence must be such that "it is more likely than not that no reasonable juror would have convicted [Petitioner] in light of the new evidence." Schlup, 513 U.S. at 327.  Actual innocence "means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).  Although Petitioner states that he "has maintained that he was not the one that obliterated the number on the gun," as demonstrated by his plea of not guilty, Petitioner notes that he "does not assert factual - I didn't do it - innocence."  (Doc. No. 11 at 4-5.)  Rather, Petitioner challenges only the sufficiency of the evidence offered against him at trial with respect to the obliteration charge; he has not offered any exculpatory evidence.  Accordingly, Petitioner has not established that he is entitled to any tolling of the statute of limitations on the basis of "actual innocence."

**IV.     CONCLUSION**

The Magistrate Judge correctly concluded that Petitioner's § 2254 petition was not timely filed and that he is not entitled to equitable tolling.  Accordingly, I will dismiss the petition.

**AND NOW**, this 29th day of June, 2009, upon consideration of the Petition for a Writ of Habeas Corpus (Doc. No. 1), Respondent's Answer (Doc. No. 8), the Report and Recommendation of the Magistrate Judge (Doc. No. 10), Petitioner's Objections to the Report and Recommendation (Doc. No. 11), the Response to Petitioner's Objections (Doc. No. 13),

Petitioner's Reply (Doc. No. 14), and all related submissions, it is hereby **ORDERED** as follows:

1. Petitioner's Objections to the Report and Recommendation are **OVERRULED**;

2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

3. The Petition for a Writ of Habeas Corpus is **DENIED**;

4. There is no basis for the issuance of a certificate of appealability; and

5. The Clerk of Court shall close this matter for statistical purposes.

      **IT IS SO ORDERED.**

      /s/ Paul S. Diamond

      _____
      **Paul S. Diamond, J.**